Herbert, J.
The single issue raised by this appeal is whether the distribution as a stock dividend of nonvoting common stock on a share-for-share basis for each outstanding share of common stock, voting or nonvoting alike, constitutes income yield within the meaning of Section 5701.10, Revised Code, which reads in part as follows:
*3 “As used in Title LVII of the Revised Code, ‘income yield’ means the aggregate amount paid as income by the obligor, trustee, or other source of payment to the owner or holder of an investment, whether including the taxpayer or not, during such year, and includes the following:
t i # «= *
“(B) In the case of shares of stock, the dividends so paid or distributed, other than distributions in liquidation and distributions by an investment company of a gain it realizes on the sale of real property or investments, whether such payment or distribution is in cash, notes, debentures, bonds, other property, or shares of stock, except stock of like kind of the corporation declaring the dividend * * (Emphasis added.)
Two questions are raised in the interpretation of the meaning of income yield as defined by this section. First, is the distribution of nonvoting common stock as a stock dividend on voting common stock the distribution of “stock of like kind of the corporation declaring the dividend” and so excepted as to taxation as income yield under this section? . Second, was the distribution paid as income?
We will direct our attention first to a determination of whether such distribution constitutes a distribution of stock of a like kind within the meaning of the statute. It must be noted that the statute does not require that the distribuion be of a like class but that it be of a like kind.
Basically there are only two kinds of corporate stock, common and preferred. The state of New York has recognized and defined common stock and preferred stock. Section 11 of the Stock Corporation Law (58 McKinney’s Consolidated Laws of New York) provides that “no shares which are entitled to preference in the distribution of dividends or assets shall be designated as common stock or shares.” The statute then provides for classes of stock “preferred as to dividends or assets.” This definition is in accord with the generally accepted use of the words, “common” and “preferred,” as applied to corporation stocks.
Although there are many possible classes within these two kinds of stock, such classes do not change the basic type of stock nr create different kinds of stock. It is a principle of statutory interpretation that, in. the absence of some indication in the *4 statute itself, the legislative body is presumed to use words in their ordinary and commonly understood meaning. The General Assembly in creating the exception to the definition of income yield did not confine such exception to the narrower-criteria of classes of stock but chose rather to except on the basis of the broad general category of kinds of stock, thus eliminating any consideration of distributions on the basis of classes of stock.
The General Assembly no doubt recognized that it was taxing stocks issued under the authority of all the states and perhaps other countries, and the words, “stock of like kind,” are used deliberately as having general meaning when applied to common and preferred stocks, wherever issued.
The distribution in the present case being a distribution of common stock on common stock falls within the broad general exception from the definition of income yield of “stock of a like kind” and is thus not subject as to taxation under the Ohio Intangible Tax Act as income yield. Having so determined, it is unnecessary for us to determine whether such distribution was paid as income.
The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is hereby affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and O’Neill, JJ., concur.
Bell, J., dissents.